UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERI LYN BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 2:15-CV-01997-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Sheri Lyn Brown filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to consider all the opined limitations set forth in the opinion of physical therapist Michele Fremont in the residual functional capacity ("RFC") assessment after the ALJ gave significant weight to her opinion. Had the ALJ included all of Ms.

Fremont's opined limitations in the RFC, the ultimate disability determination may have changed. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On July 17, 2012, Plaintiff filed an application for DIB, alleging disability as of March 9, 2010. *See* Dkt. 8, Administrative Record ("AR") 16.[1] The application was denied upon initial administrative review and on reconsideration. AR 16. A hearing was held before ALJ Jennifer M. Horne on February 4, 2014. *See* AR 32-77. At the hearing, Plaintiff amended her alleged onset date to June 26, 2012. AR 37. In a decision dated April 17, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 16-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ committed harmful error by: (1) failing to properly consider the opinion of physical therapist Michele Fremont; and (2) determining Plaintiff was capable of performing substantial gainful work at Step Five. Dkt. 12, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] Plaintiff filed her first application for disability benefits on September 16, 2010. *See* AR 81. This 2010 application was denied on June 14, 2012, when ALJ M.J. Adams found Plaintiff capable of light unskilled work. AR 16, 81-92. Plaintiff filed a second application on July 17, 2012. *See* AR 16. ALJ Jennifer M. Horne reviewed Plaintiff's disability from the time period beginning on the 2012 application date and determined there was a "changed circumstance" warranting review. AR 16. Plaintiff requests review of ALJ Horne's decision. *See* Dkt. 12.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.   Whether the ALJ properly weighed the medical opinion of Michele Fremont, PT.**

Plaintiff maintains the ALJ erred when she gave significant weight to the opinion of Michele Fremont, PT, yet failed to include all the opined limitations in the RFC assessment. Dkt. 12, pp. 4-8.

Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony, as with all lay witness testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted. *Lewis*, 236 F.3d at 512.

Ms. Fremont completed a one-time functional capacity evaluation of Plaintiff on July 22, 2013. *See* AR 555-576. After completing the five hour functional capacity evaluation, Ms. Fremont opined Plaintiff can: constantly handle, finger, and reach immediately; frequently walk, sit, stand, and carry ten pounds; occasionally carry 20 pounds, push/pull a cart up to 20 pounds, stoop, crouch, kneel, climb stairs, and reach overhead. AR 556, 558. She found Plaintiff can sit for a total of four to five hours in an eight hour day, with continuous sitting for

approximately 30 minutes. AR 558. Ms. Fremont also opined Plaintiff can alternate between standing and walking for five to six hours in an eight hour day, be on her feet for 35 minutes continuously, and static stand for 17 minutes. AR 558. Ms. Fremont stated Plaintiff has the following functional limitations:

- No repetitive cervical rotation or extension.
- Overhead reach and work is limited to Occasional.
- No prolonged or repetitive overhead work within the Occasional designation.
- Bending, crouching, and kneeling are all at Occasional; no prolonged or repetitive performance of these activities.
- Maximum overhead lift Occasionally, non-repetitive, at 4 lb.
- Upper extremity only push/pull is limited to 10 lb.
- Stair climbing is limited to Occasional.
- No ladders.

AR 558.

In regard to Ms. Fremont's opinion, the ALJ stated:

> Ms. Fremont opined that the claimant was capable of lifting as much as 20 pounds, but should be [able] to alternate between sitting and standing throughout an 8 hour day. She also suggested that the claimant would operate under postural limits that are largely consistent with the claimant's allegations and that, to some extent, her overhead reaching should be limited. Although Ms. Fremont is not an acceptable medical source, her assessment is consistent with the claimant's subjective allegations. Giving those allegations as much weight as is reasonable, I give Ms. Fremont's opinion significant weight and have adopted many of her suggestions as findings of the court.

AR 23-24.

Plaintiff contends the ALJ erred by giving significant weight to Ms. Fremont's opinion, but not including all the opined limitations in the RFC. *See* Dkt. 12, pp. 4-8. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d

at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

In her decision, the ALJ did not discuss Ms. Fremont's opinion as to Plaintiff's cervical rotation and extension limitations.[2] *See* AR 23. Plaintiff's inability to perform repetitive cervical rotation or extension is related to her ability to be employed, and is therefore significant, probative evidence. As the ALJ failed to provide any discussion in her decision regarding Plaintiff's cervical rotation and extension limitations and did not include this limitation in the RFC, the Court cannot determine if the ALJ properly considered this limitation or simply ignored the evidence.

Further, the ALJ stated she gave significant weight to Ms. Fremont's opinion; however, she did not include all Ms. Fremont's opined limitations in the RFC. For example, in the RFC, the ALJ found Plaintiff can: occasionally climb ladders, ropes, scaffolds, ramps and stairs; occasionally balance, kneel, stoop, crouch and crawl; and frequently reach overhead with the bilateral upper extremities. AR 20. In contrast to Ms. Fremont's opinion, the RFC does not: include limitations regarding cervical rotation or extension, limit Plaintiff to only occasional overhead reaching, limit Plaintiff to no climbing of ladders, limit Plaintiff's overhead lifting to four pounds, and limit Plaintiff to pushing/pulling only ten pounds with her upper extremities. *See* AR 20, 558. The ALJ did not include all of Ms. Fremont's limitations in the RFC and did not explain why she did not include the limitations. Therefore, the ALJ did not provide germane reasons for disregarding significant probative portions of Ms. Fremont's opinion.

---

[2] While the ALJ referenced "postural limitations" in her findings related to Ms. Fremont, postural limitations refer to limitations in climbing, balancing, stooping, kneeling, crouching, and crawling. *See* Social Security Ruling ("SSR") 85-15. "Postural limitations" do not refer to cervical rotation and extension difficulties.

1        Defendant asserts the ALJ properly discredited Plaintiff's subjective complaints and
2 relied on this credibility finding to discount Ms. Fremont's opinion. Dkt. 13, pp. 4-8. As to Ms.
3 Fremont's opinion, the ALJ stated she was giving the limitations which were consistent with
4 Plaintiff's complaints as much weight as reasonable. AR 23. The ALJ then determined Ms.
5 Fremont's opinion was entitled to significant weight. *See* AR 23-24. The ALJ did not state she
6 discredited the limitations opined by Ms. Fremont for the same reasons she found Plaintiff
7 lacked credibility. *See* AR 21-23. In fact, the ALJ found the opinion evidence, including Ms.
8 Fremont's opinion, reinforced her decision to find Plaintiff "not entirely credible." *See* AR 23.
9 Therefore, the Court does not conclude the ALJ rejected any portion of Ms. Fremont's opinion
10 for the same reasons she discounted Plaintiff's subjective complaints.

11        Without an adequate explanation, the Court cannot determine if the ALJ properly
12 considered all the limitations included in Ms. Fremont's opinion. Accordingly, the ALJ erred.
13 *See Flores*, 49 F.3d at 571 (an "ALJ's written decision must state reasons for disregarding
14 significant, probative evidence"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We
15 require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so
16 that we may afford the claimant meaningful review of the SSA's ultimate findings.").

17        "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674
18 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the
19 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*
20 *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674
21 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific
22 application of judgment" by the reviewing court, based on an examination of the record made
23 "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at
24

1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). When the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). However, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims.'" *Molina*, 674 F.3d at 1122 (*quoting Buckner v. Astrue,* 646 F.3d 549, 560 (8th Cir. 2011)). Thus, the ALJ's failure to discuss lay witness testimony is harmless if (1) the lay witness testimony describes limitations already described by the claimant and (2) "the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally to the lay witness testimony." *See id.* at 1117.

Plaintiff testified she is able to: sit for 30 to 35 minutes, stand for 20 minutes, and walk for 20 minutes at a time; lift seven pounds; sweep; perform simple cooking; and grocery shop. AR 21-22. While Ms. Fremont opined Plaintiff had similar sitting and standing limitations, she also opined Plaintiff is limited to: lifting up to 20 pounds; occasionally reaching overhead; occasionally bending, crouching, and kneeling; lifting four pounds overhead occasionally, but not repetitively; occasionally pushing/pulling up to ten pounds with her upper extremities; and climbing stairs occasionally. AR 558. Ms. Fremont found Plaintiff cannot climb ladders or perform repetitive cervical rotation or extension. AR 558.

The ALJ did not discuss the majority of Ms. Fremont's uncontradicted findings in any portion of her decision. *See* AR 21-25. Ms. Fremont opined to limitations beyond those described by Plaintiff, and therefore the ALJ's reasons for finding Plaintiff "not entirely credible" cannot apply with equal force to Ms. Fremont's opinion. As the ALJ did not validly

reject similar limitations as those opined to by Ms. Fremont, the ALJ's failure to properly consider Ms. Fremont's opinion is not harmless error.

Had the ALJ properly considered Ms. Fremont's entire opinion, she may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert, Victoria Rei. For example, Ms. Fremont opined Plaintiff could occasionally reach and work overhead and could not perform repetitive cervical rotation or extension or climb ladders. AR 558. If all Ms. Fremont's opined limitations were included in the RFC, Plaintiff would be restricted to: no climbing of ladders, no repetitive cervical rotation and extension, and occasional overhead reaching. Instead, in the RFC, the ALJ limited Plaintiff to occasionally climbing ladders and frequently reaching overhead with the bilateral upper extremities. AR 20. The ALJ did not provide any limitations regarding Plaintiff's inability to perform repetitive cervical rotation or extension. *See* AR 20.

The ultimate disability determination may change if Ms. Fremont's limitations are included in the RFC and in the hypothetical questions posed to the vocational expert. Accordingly, the ALJ's error is not harmless and requires reversal.

**II.     Whether the ALJ erred in determining Plaintiff was capable of performing substantial gainful work at Step 5 of the sequential evaluation process.**

Plaintiff contends the ALJ erred in her Step 5 analysis because she failed to include all Plaintiff's limitations in the RFC. Dkt. 12, pp. 8-9.

The Court concluded the ALJ committed harmful error when she failed to discuss and explain the weight given to portions of Ms. Fremont's opinion. *See* Section I, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a

claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, she must also re-evaluate the findings at Step Five to determine if Plaintiff can perform the jobs identified by the vocational expert in light of the new RFC. *See Watson v. Asture*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings consistent with this Order.

Dated this 17th day of May, 2016.

David W. Christel
United States Magistrate Judge